There was other testimony corroborating the state's theory which need not be discussed.

Appellant testified and denied any knowledge of the theft. He claimed also that he did not know what was in the confession when he signed it. The jury, under appropriate instructions from the court, accepted the state's theory, and the evidence sustains their verdict.

We overrule appellant's contention that ownership was not properly alleged. The state may allege ownership of personal property to be in the actual owner, or in one who exercises the actual care, control and custody thereof, known in law as the special owner. See Branch's Ann.P.C. Sec. 2434, p. 1316.

Under the facts, Pedro Pena was shown to be the special owner of the cattle, and there was no variance between the indictment alleging ownership in him and in the proof to the effect that he exercised care, control and custody over the cattle for the true owner, Vasquez.

The evidence being sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

**Wesley Woodrow WILSON, Appellant, v. STATE, Appellee.**

No. 25788.

Court of Criminal Appeals of Texas.

April 2, 1952.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

The conviction is for robbery by assault; the punishment assessed is confinement in the state penitentiary for a term of five years.

Since perfecting his appeal, appellant has filed a written motion duly verified requesting the privilege of withdrawing the appeal.

The request is granted, and the appeal is ordered dismissed.